UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

In re:

*OneTRADEx, Ltd. (In Provisional Liquidation)*,

Debtor in a Foreign Proceeding.

------------------------------------------------------------------------x

<u>FOR PUBLICATION</u>

Chapter 15
Case No. 19-13257 (MG)

**MEMORANDUM OPINION AND ORDER GRANTING THE FOREIGN
REPRESENTATIVE'S MOTION TO CLOSE THIS CHAPTER 15 CASE
<u>PURSUANT TO BANKRUPTCY RULE 5009(c)</u>**

*A P P E A R A N C E S:*

FOLEY & LARDNER LLP
*Attorneys for the Kenneth Krys as Foreign Representative
for OneTradeEx, Ltd. (In Provisional Liquidation)*
90 Park Ave, 29th Floor
New York, New York 10016
By:    Katherine R. Catanese, Esq.
         Alissa Nann, Esq.

**MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the Final Report and Motion for an Order Closing the Chapter 15 Case ("Motion," ECF Doc. # 20-1) filed by Kenneth Krys (the "Foreign Representative" or "Krys") on September 14, 2022. Krys is the Foreign Representative for the foreign debtor, OneTRADEx, Ltd. (the "Debtor"). (*Id.* at 1.)

The Foreign Representative submits that the Chapter 15 case ("Chapter 15 Case") has been fully administered. (*Id.* ¶ 17.) He has requested that the case be closed pursuant to sections 350 and 1517 of the Bankruptcy Code, Rule 5009 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 5009-2(a). (*Id.*) The objection deadline was October 12, 2022. (*See* ECF Doc. # 22.) No objections have been filed as of the opinion date.

For the reasons discussed below, the Court **GRANTS** the Motion to close the case.

## I. BACKGROUND

### A. Foreign Proceeding and Recognition

This Chapter 15 Case arises from the Debtor's foreign main proceeding commenced by the Cayman Islands Monetary Authority ("CIMA") pursuant to section 104(3) of the Companies Law in the Financial Services Division of the Grand Court of the Cayman Islands (the "Cayman Court"), FSD CAUSE NO: 166 OF 2019 (ASCJ) (the "Cayman Action"). (Motion at 1.) On September 30, 2019, the Cayman Court entered an order appointing Krys and Angela Barkhouse as Joint Provisional Liquidators (each a "JPL" and collectively, the "JPLs") of the Debtor in the Cayman Action.[1] (*Id.* ¶ 4.)

On October 9, 2019, the JPLs commenced the Chapter 15 Case by filing a petition in this Court. (*Id.* ¶ 5.) The JPLs commenced the Chapter 15 Case to protect the Debtor's assets while it pursued liquidation in the Cayman Islands because a majority of the Debtor's client accounts and assets were held by custodian Interactive Brokers LLC ("IB") in the United States. (*Id.*) On November 18, 2019, this Court entered the Order Granting Recognition of Foreign Main Proceeding Pursuant to Chapter 15 of the Bankruptcy Code and Related Relief (the "Recognition Order," ECF Doc. # 10). (*Id.* ¶ 6.) The Recognition Order granted recognition of the Cayman Action as a foreign main proceeding (as defined in 11 U.S.C. § 101(23)). (*Id.*)

### B. Debtor's U.S. Assets and Related Proceedings

The Debtor was a registered broker-dealer with operations conducted in the Cayman Islands. The Debtor's primary custodian for its assets in the U.S. and its clients' assets in the

---

[1] Angela Barkhouse resigned as a Joint Provisional Liquidator in or about April 2020, leaving Krys as the sole Foreign Representative. (*Id.* ¶ 4 n.1.) Activity in this case or in the Cayman case before Barkhouse's resignation refer to the Foreign Representatives (in the plural) and, after her resignation, refer to the Foreign Representative (in the singular).

2

U.S. was IB, which is headquartered in Greenwich, Connecticut.  (*Id.* ¶ 8.)  The Debtor held a master account at IB containing various assets, which are held in certain sub-accounts.  Approximately 287 of the sub-accounts held assets of clients of the Debtor (the "Client Sub-Accounts").  (*Id.*)  The other sub-accounts held assets of the Debtor (the "Debtor Accounts," and together with the Client Sub-Accounts, collectively, the "Accounts").  (*Id.*)

Debtor has not been a party to any litigation in the U.S. but was aware of two U.S. actions where property under Debtor's control was at issue.  (*Id.* ¶ 9.)  The first case, *In the Matter of Dick Family Trust No. 1 and Dick Family Trust No. 2*, JAG No. 2016-0426, was pending in the Probate Court for Jefferson County, Colorado.  (*Id.* ¶ 10.)  The assets held by Debtor at issue in that action have been distributed in accordance with that court's November 9, 2018, order requiring the beneficial owner of certain family trust stock to transfer the same.  (*Id.*)

The second case, *Simpson v. Melissa Gayheart as trustee of MSJJ Retirement Group Trust*, Case No. 18-8673 (PGG), was pending in the United States District Court for the Southern District of New York.  Plaintiffs alleged that Debtor held assets of party MSJJ Retirement Group Trust ("MSJJ") as a broker.  (*Id.* ¶ 9.)  The court in that action entered an order on July 25, 2019, requiring MSJJ to turn over assets to the plaintiff in that action.  (*Id.*)  The Foreign Representative claims that Debtor itself was not subject to the order.  (*Id.*)  The Foreign Representative also reports that the assets were ultimately rejected by the Dutch tax authorities and that an appeal is currently pending that is futile because Dutch tax authorities are seeking to reclaim other amounts and there is no trustee for the assets in question.  (*Id.*)

C. **Disposition of U.S. Assets and Completion of Foreign Representative's Tasks**

On January 20, 2020, the Grand Court of the Cayman Islands entered an order allowing the JPLs to transfer all the assets that were held by IB in the United States to certain clients, and

3

any reserves were directed to be transferred and held at a Cayman Islands' bank. (*Id.* ¶ 11; "Cayman Transfer Order," Ex. C to Motion, ECF Doc. # 20-4.)

Accordingly, on January 23, 2020, the Foreign Representatives filed a request with this Court to amend the Recognition Order to entrust them with the distribution of the assets in the Accounts so that the assets could be released to the Foreign Representatives and administered through the Cayman Action. (*Id.* ¶ 12.) On February 20, 2020, the Court entered an order giving the Foreign Representatives the authority to: "(a) distribute client assets in accordance with the Cayman Order . . . and (b) be entrusted with those assets in the Debtor Accounts; provided, however, that such assets are hereby subjected to the jurisdiction and administration of the Cayman Court in the pending Cayman Action." (*Id.* ¶ 13; "Amended Recognition Order," ECF Doc. # 17.)

On March 7, 2022, the Grand Court of the Cayman Islands entered an Order directing the Foreign Representatives to abandon, forfeit or disclaim all assets held in Debtor's accounts with IB. (*Id.* ¶ 15.) The Foreign Representative is in the process of closing the remaining accounts. (*Id.*)

The Foreign Representative claims that there are no longer assets in the United States to protect and nothing left for him to do in the Chapter 15 Case. (*Id.* ¶ 16.) He also claims that other than the instant Motion, no other matters remain in the Chapter 15 Case that relate to the Cayman Action or relief sought in this proceeding. (*Id.*) Finally, the Foreign Representative claims that the remaining items remaining to be completed in the Cayman Action are largely administrative, including approval of the JPL's fees and expenses, distribution of recovered assets, return of any reserved amounts not used to pay the JPL's fees and expenses, and closing

4

of the liquidation. (*Id.*) Thus, the Foreign Representative seeks entry of a proposed order closing the Chapter 15 Case. (*Id.* ¶ 17; "Proposed Order," Ex. A to Motion, ECF Doc. # 20-2.)

## II.   LEGAL STANDARDS

The Motion asserts four legal bases for its Proposed Order closing the Chapter 15 Case: (1) section 1517(d) of the Bankruptcy Code, (2) section 350(a) of the Bankruptcy Code, (3) Federal Rule of Bankruptcy Procedure 5009(c), and (4) Local Rule 5009-2(a). Section 1517(d) provides:

> The provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the court shall give due weight to possible prejudice to parties that have relied upon the order granting recognition. *A case under this chapter may be closed in the manner prescribed under section 350.*

11 U.S.C. § 1517(d) (emphasis added).

Section 350, in turn, provides:

> After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

11 U.S.C. § 350(a).

A bankruptcy estate is not actually created in a chapter 15 case. *See In re Lupatech S.A.*, 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020) (citing *In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011). Thus, courts in the chapter 15 context have found that "fully administered" means that administrative claims have been provided for, and that there are no outstanding motions, contested matters or adversary proceedings. *Lupatech S.A.*, 611 B.R. at 503 (citing *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 546 (Bankr. E.D.N.Y. 1999)). Bankruptcy Rule 5009(c) presumes that a chapter 15 case has been fully administered once the following chain of events has occurred:

5

- The purpose of the foreign representative's appearance in the court is completed;

- The foreign representative files a final report describing the nature and results of the representative's activities in the court;

- The foreign representative transmits the report to the U.S. Trustee and gives notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct;

- The foreign representative files a certificate with the court that notice has been given; and

- No objection is filed by the U.S. Trustee or a party in interest within 30 days after the certificate is filed.

See FED. R. BANKR. P. 5009(c); *see also Lupatech S.A.*, 611 B.R. at 503.

Local Rule 5009-2(a) provides additional instruction for closing Chapter 15 cases:

> Closing the Case. In a case under chapter 15 of the Bankruptcy Code, the Court shall close the case when there is a presumption under Bankruptcy Rule 5009(c) that the case has been fully administered or the Court, after notice and a hearing, determines that the purpose of the foreign representative's appearance in the chapter 15 case has been completed, whichever is earlier.

Local Rule 5009-2(a).

The final sentence of comments to Local Rule 5009-2(a) clarify that:

> *[E]ven in the absence of a certificate, the Court has the discretion, after notice and a hearing, to close the case* if it finds that the purpose of the foreign representative's appearance in the case has been completed.

*Id.* (emphasis added).

As a final note, Collier's cites *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169 (Bankr. S.D.N.Y. 2017), *reconsideration denied,* 528 B.R. 358 (Bankr. S.D.N.Y. 2018), for the proposition that section 1517(d) may be read as consisting of two "prongs," or independent bases

6

for modification/termination.  8 COLLIER ON BANKRUPTCY ¶ 1517.04 (16th 2019).  The *Oi Brasil* Court explained:

> The statute thus breaks down the basis for *modification or termination* into two prongs.  The first prong looks backwards to see whether the basis for recognition previously presented to the Court was flawed in some way.  *See* 11 U.S.C. § 1517(d) (whether it is shown that the grounds for recognition were "fully or partially lacking").  The second prong looks forward to whether something has changed since recognition.  *See id.* (whether the grounds for recognition "have ceased to exist").

*In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. at 197 (emphasis added).

### III.  ANALYSIS

The Foreign Representative has shown the case can be closed pursuant to sections 350 and 1517(d) of the Code, Rule 5009(c), and Local Rule 5009-2(a).

#### A.  The Case Can Be Closed Pursuant to Sections 1517(d) and 350 of the Code

This case can be closed pursuant sections 1517(d) and 350 of the Bankruptcy Code because the case has been fully administered and has met its purpose.  Section 1517(d) of the Code states that a Chapter 15 "may be closed in the manner prescribed under section 350."  11 U.S.C. § 1517(d).  In turn, section 350 provides that a case may be closed after an estate has been fully administered.  *See* 11 U.S.C. § 350.  While a chapter 15 foreign debtor technically does not have a bankruptcy estate in the United States, here the case can be closed "as it appears the purposes of the cases have been met and the cases have been fully administered."  *Lupatech S.A.*, 611 B.R. at 504.

The Foreign Representative summarizes his position:

> The primary purpose of the Chapter 15 Case was to obtain recognition and enforcement of the Cayman Action in order to deal with the assets held by IB in the U.S.  This Court has granted that recognition, and as explained above, there are no longer assets in the United States to protect and nothing left for the Foreign Representative to do in the Chapter 15 Case.

7

(Motion ¶ 16.)

The Foreign Representative further claims that "no other matters remain in the Chapter 15 Case that relate to the Cayman Action or relief sought in this proceeding." (*Id.*) The Court agrees based on its review of the docket in this case. Additionally, the Foreign Representative explains that the two actions concerning assets held by the Debtor have been resolved, at least with respect to Debtor's potential involvement, and in any event, the Foreign Representative claims that "there are no longer assets in the United States to protect," which all support closing the case. (*Id.* ¶ 16.)

The Foreign Representative has adequately shown that the administrative claims have been fully administered and there are no outstanding motions, contested matters, or adversary proceedings to sift through. *See Lupatech S.A.*, 611 B.R. at 503 (citations omitted). Finally, the status of the Cayman Action supports closing the case, as the Foreign Representative claims that the remaining items in the case will be administrative, and not require the involvement of this Court. (*See* Motion ¶ 16) (stating that "what remains is largely administrative: approval of the JPL's fees and expenses, distribution of recovered assets, return of any reserved amounts not used to pay the JPL's fees and expenses, and closing of the liquidation").[2]

### B. The Case Can Be Closed Pursuant to Bankruptcy Rule 5009(c) and Local Rule 5009-2(a)

Bankruptcy Rule 5009(c) and Local Rule 5009-2(a) also support closing the case on these facts because the purpose of the Foreign Representative's appearance is complete and there has been no objection to the Foreign Representative's final report.

---

[2] Section 1517(d) also states that Subchapter III of Chapter 15 "do[es] not prevent modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist…." To the extent this constitutes an independent requirement for closing of the case aside from section 1517(d)'s reference to section 350, grounds for recognition have "ceased to exist," for the same reasons discussed above.

When a case is purportedly complete, Bankruptcy Rule 5009(c) requires a foreign representative to file and transmit a final report to the U.S. Trustee, give notice of its filing to certain parties, and file a certificate with the court regarding such notice.  *See* FED. R. BANKR. P. 5009(c).  Rule 5009(c) further provides that the bankruptcy court should presume that the case has been fully administered if there are no objections within thirty days of the filing of the certificate.  *See id.*  In turn, Local Rule 5009-2(a) states that the Court "*shall close* the case" in one of two instances—"when there is a presumption under Bankruptcy Rule 5009(c) that the case has been fully administered *or* the Court, after notice and a hearing, determines that the purpose of the foreign representative's appearance in the chapter 15 case has been completed, whichever is earlier."  Local Rule 5009-2(a) (emphasis added).

Here, the Foreign Representative filed a report with the Motion and served it on the parties-in-interest described in Bankruptcy Rule 5009(c) on September 14, 2022 (*see* Motion ¶ 22; "Notice Certificate," ECF Doc. # 23), including on the Office of the United States Trustee for the Southern District of New York.  The Foreign Representative filed the certificate of notice on October 7, 2022.  (Notice Certificate.)  No objections were within thirty days of the filing of the certificate, creating a presumption that the case has been fully administered under Rule 5009(c).[3]  Thus, the Court must close the case pursuant to Local Rule 5009-2(a).

---

[3]    A hearing on the Motion was originally scheduled for October 21, 2022, but it was adjourned after the Foreign Representative submitted a certificate of no objection. (*See* ECF Doc. ## 24–25.)  The Court also notes that under Local Rule 5009-2(a), the Court may close a case if, after notice and a hearing, the Court "is satisfied that the purpose of the foreign representative's appearance in the chapter 15 case has been completed."  Local Rule 5009-2(a).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to close the case.

**IT IS SO ORDERED.**

Dated:   November 14, 2022
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge